UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



SAVINGS BANK OF MANCHESTER,      :

    Plaintiff,      :

    v.      :      CASE NO.   3:02CV695(RNC)

PRISM PROCESSING SERVICES,      :

    Defendant.      :

2003 NOV 13  A  9: 21

US DISTRICT COURT
HARTFORD CT

RECOMMENDED RULING ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES

The plaintiff, Savings Bank of Manchester, commenced this action against the defendant, Prism Processing Services, to vacate or modify an arbitration award.  After conducting an evidentiary hearing, the undersigned issued a recommended ruling recommending that the plaintiff's motion to vacate or modify the award be denied and that defendant's motion to confirm the award be granted.  (Doc. #35.)   Chief Judge Robert N. Chatigny adopted the recommended ruling and a judgment entered in favor of the defendant.   (Doc. #36.)   Pending before the court is the defendant's motion for attorneys' fees.[1]  (Doc. #37.)   The defendant argues that pursuant to the court's inherent authority, the court should award the defendant awarded attorneys' fees and costs in the amount of $75,635.56.

"The general American rule governing allocation of the costs of litigation places the burden of counsel fees on each party,

---

[1]Chief Judge Robert N. Chatigny referred the motion to the undersigned for a recommended ruling.  See doc. #39.

regardless of the outcome of the action." Nemeroff v. Abelson, 620

F.2d 339, 348 (2d Cir. 1980).  An exception to the rule is "where

the court determines that the unsuccessful party has acted in bad

faith, vexatiously, wantonly, or for oppressive reasons." Sierra

Club v. United States Army Corps of Engineers, 776 F.2d 383, 390

(2d Cir. 1985) (internal quotation marks omitted.)  "The award of

fees pursuant to this exception is an exercise of a federal court's

inherent equitable powers." Id.  (internal quotation marks

omitted.)  "[T]o award fees under the bad faith exception, the

court must find clear evidence that the claims were entirely

without color and made for reasons of harassment or delay or other

improper purpose." Id. (internal quotation marks omitted.)  "The

test is conjunctive and neither meritlessness alone nor improper

purpose alone will suffice." Id.  See also Employee Staffing of

America, Inc. v. William H. Mercer, Inc., No. 96 CIV. 2054(LAP),

1998 WL 118166 (S.D.N.Y. Mar. 16, 1998)(denying costs where

although plaintiff's claims were without color, there was no clear

evidence that claims were made for reasons of harassment or delay

or for other improper purposes)  "[A] claim is entirely without

color when it lacks any legal or factual basis." Sierra Club, 776

F.2d at 390 (internal quotation marks omitted.)

     The defendant argues that it should be awarded fees because

the plaintiff's claims were meritless and without justification.

(Def's Mem. at 10.)  This, however, is an insufficient basis for

the court to exercise its discretion to award costs. "The mere fact that an action is without merit does not amount to bad faith such as will warrant an award of attorneys' fees as costs." Suzy Phillips Originals, Inc. v. Coville, Inc., 939 F. Supp. 1012, 1020 (E.D.N.Y. Aug 23, 1996), aff'd, 125 F.3d 845 (2d Cir. 1997). See Miracle Mile Associates v. City of Rochester, 617 F.2d 18, 21 (2d Cir. 1980). Although the plaintiff's claims were weak, there is no indication that they were raised in bad faith or for improper reasons. Because the plaintiff's claims do not fall within the "narrow" exception to the American Rule, PRC Harris, Inc. v. Boeing Company, 700 F.2d 894, 898 (2d Cir. 1983), the court recommends that the defendant's motion for attorneys' fees and costs (doc. #37) be DENIED.

Either party may seek the district court's review of this recommendation. See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within ten days after service of same); Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992)(failure to file timely objections to recommended ruling waives further review of the ruling).

Dated at Hartford, Connecticut, this 12th day of November, 2003.

Donna F. Martinez
United States Magistrate Judge